## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DAISHA EWINGS, ELIZABETH THOMAS,
BRIAN BAUSKA and CAMRON PAIGE,
for themselves and on behalf of those similarly
situated,                                                  CASE NO.: 1:24-cv-10732

       Plaintiffs,

vs.

UNITED STATES POSTAL SERVICE,

       Defendant.

_____/

### _FIRST AMENDED_ NATIONWIDE COLLECTIVE ACTION AND CLASS ACTION COMPLAINT[1]

Plaintiffs Daisha Ewings ("EWINGS"), Elizabeth Thomas ("THOMAS"), Brian Bauska ("BAUSKA") and Camron Paige ("PAIGE"), (collectively "Plaintiffs"), bring this action for themselves and on behalf of those similarly situated, by and through undersigned counsel, and file this First Amended Nationwide Collective Action and Class Action Complaint against Defendant, United States Postal Service ("USPS" or "Defendant"), to recover from Defendant overtime pay as required by the Fair Labor Standards Act and parallel state wage and hour laws, and state as follows:

### JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. §201, _et seq_., to recover unpaid overtime, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C.

§1331 as these claims arise under 29 U.S.C. §216(b).

3.    This Court has supplemental jurisdiction over Plaintiffs' claims under Illinois Minimum Wage Law, §§820 ILC 105/1, et seq. ("IMWL"), Illinois Wage Payment and Collection Act, §§ ILCS 115/1, et seq. ("IWPCA"), New Jersey Wage & Hour Law ("NJWHL"), New Jersey Wage Payment Law ("NJWPL"), Washington Minimum Wage Act ("WMWA"). Rev. Code. Wash Ch. ("RCW") 49.46, *et seq.*; 49.46.010, Wage Rebate Act ("WRA"), and Industrial Welfare Act ("IWA"), pursuant to 28 U.S.C. § 1367(a), because Plaintiffs' IMWL, IWPCA, NJWHL, NJWPL, WMWA, RCW, WRA, IWA claims form a part of the same case or controversy and arise out of a common nucleus of operative facts as their FLSA overtime claims.

4.    Jurisdiction is proper in this Court pursuant to 39 U.S.C. § 409.

5.    Venue is proper in this Court because PAIGE resides and worked in this District and the claims arose in this District.

6.    The FLSA collective action is intended to include all current and former Full Time USPS City Carrier Assistants ("CCAs") ("mail carriers") who worked for Defendant at any time within the past three (3) years, through the date of judgment in this case, who file a consent to join.

## **PARTIES**

7.    Defendant USPS is an independent entity of the United States government responsible for providing postal service in the United States and its territories, all of whom were subject to Defendant's uniform pay practices.

8.    At all times material EWINGS was, and continues to be, a resident of Chicago,

---

[1] Plaintiffs file their this First Amended Complaint with Defendant's written consent, pursuant to Federal Rule of Civil Procedure 15(a)(2).

Illinois.

9.      At all times material THOMAS was, and continues to be, a resident of Chicago, Illinois.

10.     At all times material hereto, BAUSKA was, and continues to be, a resident of Sultan, Washington.

11.     At all times material hereto, PAIGE was, and continues to be, a resident of Cinnaminson, New Jersey.

12.     At all times material hereto, Plaintiffs were "employees" of Defendant within the meaning of the FLSA, including but not limited to, work in each judicial district.

13.     At all times material hereto, Defendant was an "employer" within the meaning of the FLSA.

14.     At all times material hereto, Defendant is, and continues to be, "an enterprise engaged in commerce."

15.     At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commence by any person" within the meaning of the FLSA, including interstate mail and packages.

16.     At all times material hereto, the annual gross revenue of Defendant was in excess of $500,000.00 per annum.

17.     At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for interstate commerce, including, such as telephones, desks, chairs, and computers, which were used directly in furtherance of Defendant's business.

18.     At all times material hereto, Defendant simultaneously operated in two or more states and/or territories.

19.     At all times material hereto, Plaintiffs regularly handled goods, tools and materials that have traveled across state lines in furtherance of Defendant's business, and were thus subject to individual coverage under the FLSA.

20.     At all times material hereto, the work performed by Plaintiffs was directly essential to Defendant's business.

## STATEMENT OF FACTS

21.     In November 2022, Defendant hired EWINGS as a CCA.

22.     EWINGS' employment continued through February 2024.

23.     EWINGS was paid an hourly rate of $19.33 per hour.

24.     In May 2021, Defendant initially hired THOMAS as a CCA.

25.     THOMAS' initial employment continued through May 2022.

26.     THOMAS' initial employment stopped in May 2022.

27.     Thereafter, THOMAS' was rehired and worked for Defendant from April 2023 through September 2023.

28.     THOMAS was paid an hourly rate of $18.43 per hour from May 2021 through May 2022, and $19.80 per hour from April 2023 through September 2023.

29.     In January 2021, Defendant hired BAUSKA as a CCA.

30.     BAUSKA's employment continued through February 2023.

31.     BAUSKA was paid an hourly rate of $19.33 per hour.

32.     In April 2023, Defendant hired PAIGE as a CCA.

33.     PAIGE remains currently employed with Defendant.

34.     At all times relevant hereto, PAIGE had been paid an hourly rate of $19.33 per hour.

35.     As mail carriers, Plaintiffs' duties, and those of all others similarly situated, consist of casing and correlating mail prior to delivery and delivering and collecting mail and packages to and from homes and businesses on behalf of Defendant.

36.     Full time "City Carrier Assistants" generally do not have set schedules but are available to work seven (7) days a week for shifts ranging from four (4) to twelve (12) plus hours per day, and generally work at least forty hours in each week that they work.

37.     Defendant automatically deducts thirty (30) minutes of time every day worked by a City Carrier Assistant for a lunch break, regardless of whether any lunch break is/was taken, reducing the hours credited as hours worked by 30 minutes for each day worked.

38.     The improperly deducted meal periods constitute hours over forty (40), also known as overtime hours, in one or more workweeks of Plaintiffs' employment during the applicable statute of limitations.

39.     As a result of deducting, and not paying, these hours over forty (40), Defendant's practice of automatically deducting meal periods, even where meal periods were not taken, caused Plaintiffs to be deprived of owed overtime compensation.

40.     With the exception of 2022 USPS has consistently operated at a net loss of between 2.7 billion and 9.5 billion dollars between 2015 and 2024.[2] Upon information and belief, these budget concerns have led USPS to chronically understaff its routes. Over the past decade, USPS has cut its staffing and labor budget by $10 billion.

---

[2] In 2022, USPS recorded a 56 billion dollar profit due to a 57 billion dollar one-time benefit from the Postal Service Reform Act.

41.    Due to staffing levels being insufficient to meet demand, Plaintiffs, and all those similarly situated, are often unable to complete their routes and/or duties during their scheduled work hours.

42.    At least in part due to budget concerns, management and supervisors are under pressure to keep labor costs down by not paying overtime premiums.

43.    On information and belief, supervisors are instructed and/or encouraged by management not to exceed certain labor cost thresholds and incentivized with bonuses for keeping overtime premium payments low.

44.    To minimize overtime payments Defendant has engaged in a systemic practice of not compensating Plaintiffs, and all those similarly situated, for all hours worked in violation of the FLSA.

45.    Plaintiffs, and all those similarly situated, are regularly required to work "off the clock," including through automatically deducted lunch periods in order to complete their assigned duties in a given day.

46.    Such "off the clock" work serves to keep the mail carriers under the forty (40) hours worked overtime threshold and/or reduces the number of overtime premium hours paid in a week.

47.    Defendant, through its supervisors and management employees, has required, suffered, and/or permitted mail carriers to work "off the clock" without compensation in violation of the FLSA.

48.    Plaintiffs, and all those similarly situated, are regularly required to work during their lunch break, and/or take no lunch break at all, in order to complete their assigned duties in a given day.

49.     Nonetheless, Defendant deducts half-hour lunch breaks automatically from mail carriers' recorded time each day, regardless of whether or not the mail carrier actually takes/took the break.

50.     Defendant's policy whereby it does not credit/compensate mail carriers for working through or without their break serves to keep mail carriers under the forty (40) hours worked overtime threshold and/or reduces the number of overtime premium hours paid in a week.

51.     Defendant, through its supervisors and management employees, has required, suffered, and/or permitted mail carriers to work through or forego their lunch break without compensation in violation of the FLSA and parallel state wage and hour laws.

52.     Defendant failed and/or refused to properly disclose or apprise Plaintiffs of their rights under the FLSA and parallel state wage and hour laws.

53.     The additional persons who may join this action are those similarly situated to Plaintiffs, nationwide, who also were not paid lawful overtime wages due to Defendant's policies and practices described above.

54.     As such, on information and belief, Defendant's policies as described herein apply to all similarly situated workers, nationwide.

## COLLECTIVE ACTION ALLEGATIONS

55.     Plaintiffs file this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b) as Representative Plaintiffs.

56.     Plaintiffs each consent to become party plaintiffs in this representative FLSA action pursuant to 29 U.S.C. § 216(b), as evidenced by Plaintiffs' "Consent to Become a Party to a Collective Action Under 29 U.S.C. § 216," filed herewith.

57.     Plaintiffs, and all others similarly situated are, or were, employed as full time city carrier assistants" within the last three (3) years at USPS Branches and Stations throughout the United States.

58.     Defendant employs, and has employed, multiple persons in the same job functions and/or positions that Plaintiffs occupy or have occupied.

59.     At all times relevant hereto, Plaintiffs and others similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA.

60.     Plaintiffs, and all those similarly situated, perform, and have performed, work during meal periods for which they should have been paid overtime premiums, for which Defendant has willfully refused to pay them such overtime wages due to its common policy and practice of automatically deducting meal periods even where no meal period is taken.

61.     Defendant compensated Plaintiffs and all those similarly situated on a uniform basis common to Plaintiffs and other persons performing similar functions.

62.     On information and belief, all of Defendant's operations at USPS Branches and Stations throughout the United States are centrally managed, and all or most of Defendant's employees performing functions similar to Plaintiffs are subject to common, uniform time-keeping and payroll practices.

63.     Defendant has additionally established uniform payroll policies with respect to the payment of overtime compensation which apply to all Plaintiffs in the performance of their mail carrier duties for Defendant.

64.     The FLSA "collective" of similarly situated employees is composed of all present and former mail carrier employees of Defendant at USPS Branches Nationwide who performed the same or similar job functions as Plaintiffs and are, or were, subject to the same

pay practices, and have been employed within three (3) years of the date of filing this action, and continuing through the date of judgment.

65.    Plaintiffs assert that Defendant's willful disregard of the FLSA described herein entitles Plaintiffs and similarly situated employees to the application of the three (3) year limitations period.

## RULE 23 ILLINOIS CLASS ACTION ALLEGATIONS

66.    Plaintiffs Ewings and Thomas ("Illinois Class Representatives") bring this action pursuant to Fed. R. Civ. P. 23(b)(3) on their own behalf and on behalf of:

> *All current and former Mail Carriers who worked for Defendant in Illinois at any time during the three years preceding the filing of this Amended Complaint through and including judgment.*

(hereinafter referred to as the "Rule 23 Illinois Class"). Plaintiffs reserve the right to amend the putative class definition if necessary.

67.    The members of the Rule 23 Illinois Class are so numerous that joinder of all Rule 23 Illinois Class members in this case would be impractical.

68.    Plaintiffs reasonably estimate that there are hundreds of Rule 23 Illinois Class members.

69.    Rule 23 Illinois Class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

70.    There is a well-defined community of interest among Rule 23 Illinois Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Illinois Class.

71.    These common legal and factual questions include, but are not limited to, the following:

    a.    whether Defendant failed to keep true and accurate time records for all hours worked by Illinois Class Representatives and putative Illinois Class Members;

    b.    what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

    c.    whether Defendant failed to provide meal and rest breaks to Illinois Class Representatives whether Defendant failed to monitor the work of Illinois Class Representatives and the Illinois Class to ensure that they did not perform work during meal and rest periods;

    d.    whether Defendant failed and/or refused to pay Illinois Class Representatives and putative Illinois Class Members for all hours and overtime hours worked in violation of Illinois law; and

    e.    the nature and extent of the Class-wide injury and the appropriate measure of damages for the putative Illinois Class.

72.    Illinois Class Representatives' claims are typical of those of the Rule 23 Illinois Class in that they and all other Rule 23 Illinois Class members suffered damages as a direct and proximate result of the Defendant's common and systemic payroll policies and practices.

73.    Illinois Class Representatives' claims arise from the same policies, practices, promises and course of conduct as all other Rule 23 Illinois Class members' claims and their legal theories are based on the same legal theories as all other Rule 23 Illinois Class members.

74.    Illinois Class Representatives will fully and adequately protect the interests of the Rule 23 Illinois Class and he/she has retained counsel who are qualified and experienced in the prosecution of Illinois wage and hour class actions.

75.    Neither Illinois Class Representatives nor their counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Illinois Class.

76.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Illinois Class members to prosecute individual actions of their own given the relatively small

amount of damages at stake for each individual along with the fear of reprisal by their employer.

77.    Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits being filed.

78.    This case will be manageable as a Rule 23 Class action.

79.    Illinois Class Representatives and their counsel know of no unusual difficulties in this case.

80.    Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

81.    Because Defendant acted and refused to act on grounds that apply generally to the Rule 23 Illinois Class and declaratory relief is appropriate in this case with respect to the Rule 23 Illinois Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## **RULE 23 NEW JERSEY CLASS ACTION ALLEGATIONS**

82.    Plaintiff Paige ("New Jersey Class Representative") brings this action pursuant to Fed. R. Civ. P. 23(b)(3) on his own behalf and on behalf of:

> *All current and former Mail Carriers who worked for Defendant in the State of New Jersey at any time during the six years preceding the filing of this Amended Complaint up through and including judgment.*

(hereinafter referred to as the "Rule 23 New Jersey Class"). Plaintiffs reserve the right to amend the putative class definition if necessary.

83.    The members of the Rule 23 New Jersey Class are so numerous that joinder of

all Rule 23 New Jersey Class members in this case would be impractical.

84.     Plaintiffs reasonably estimate that there are hundreds of Rule 23 New Jersey Class members.

85.     Rule 23 New Jersey Class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

86.     There is a well-defined community of interest among Rule 23 New Jersey Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 New Jersey Class.

87.     These common legal and factual questions include, but are not limited to, the following:

a.     whether Defendant failed to keep true and accurate time records for all hours worked by New Jersey Class Representative and putative New Jersey Class Members;

b.     what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

c.     whether Defendant failed to provide meal and rest breaks to New Jersey Class Representative and the New Jersey Class;

d.     whether Defendant failed to monitor the work of New Jersey Class Representative and the New Jersey Class to ensure that they did not perform work during meal and rest periods;

e.     whether Defendant failed and/or refused to pay New Jersey Class Representative and putative New Jersey Class Members for all hours and overtime hours worked in violation of the New Jersey law; and

f.     the nature and extent of the Class-wide injury and the appropriate measure of damages for the putative New Jersey Class.

88.     New Jersey Class Representative's claims are typical of those of the Rule 23 New Jersey Class in that he and all other Rule 23 New Jersey Class members suffered damages as a direct and proximate result of the Defendant's common and systemic payroll policies and

practices.

89.     New Jersey Class Representative's claims arise from the same policies, practices, promises and course of conduct as all other Rule 23 New Jersey Class members' claims and his legal theories are based on the same legal theories as all other Rule 23 New Jersey Class members.

90.     New Jersey Class Representative will fully and adequately protect the interests of the Rule 23 New Jersey Class and he has retained counsel who are qualified and experienced in the prosecution of New Jersey wage and hour class actions.

91.     Neither New Jersey Class Representative nor his counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 New Jersey Class.

92.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 New Jersey Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

93.     Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits being filed.

94.     This case will be manageable as a Rule 23 Class action.

95.     Plaintiff and his counsel know of no unusual difficulties in this case.

96.     Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

97.     Because Defendant acted and refused to act on grounds that apply generally to the Rule 23 New Jersey Class and declaratory relief is appropriate in this case with respect to the Rule 23 New Jersey Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## <u>RULE 23 WASHINGTON CLASS ACTION ALLEGATIONS</u>

98.     Plaintiff Bauska ("Washington Class Representative") brings this action pursuant to Fed. R. Civ. P. 23(b)(3) on his own behalf and on behalf of:

> *All current and former Mail Carriers who worked for Defendant in the State of Washington at any time during the three years preceding the filing of this Amended Complaint up through and including judgment.*

(hereinafter referred to as the "Rule 23 Washington Class"). Plaintiffs reserve the right to amend the putative class definition if necessary.

99.     The members of the Rule 23 Washington Class are so numerous that joinder of all Rule 23 New Jersey Class members in this case would be impractical.

100.     Plaintiffs reasonably estimate that there are hundreds of Rule 23 Washington Class members.

101.     Rule 23 Washington Class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

102.     There is a well-defined community of interest among Rule 23 Washington Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Washington Class.

103.      These common legal and factual questions include, but are not limited to, the following:

14

a.   whether Defendant failed to keep true and accurate time records for all hours worked by Washington Class Representative and putative Washington Class Members;

b.   what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

c.   whether Defendant failed to provide meal and rest breaks to Washington Class Representative and the Washington Class;

d.   whether Defendant failed to monitor the work of Washington Class Representative and the Washington Class to ensure that they did not perform work during meal and rest periods;

e.   whether Defendant failed and/or refused to pay Washington Class Representative and putative Washington Class Members for all hours and overtime hours worked in violation of the Washington law; and

f.   the nature and extent of the Class-wide injury and the appropriate measure of damages for the putative Washington Class.

104.   Washington Class Representative's claims are typical of those of the Rule 23 Washington Class in that they and all other Rule 23 Washington Class members suffered damages as a direct and proximate result of the Defendant's common and systemic payroll policies and practices.

105.   Washington Class Representative's claims arise from the same policies, practices, promises and course of conduct as all other Rule 23 Washington Class members' claims and his legal theories are based on the same legal theories as all other Rule 23 Washington Class members.

106.   Washington Class Representative will fully and adequately protect the interests of the Rule 23 Washington Class and he has retained counsel who are qualified and experienced in the prosecution of Washington wage and hour class actions.

107.   Neither Washington Class Representative nor his counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Washington Class.

108.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Washington Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

109.    Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits being filed.

110.    This case will be manageable as a Rule 23 Class action.

111.    Washington Class Representative and his counsel know of no unusual difficulties in this case.

112.    Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

113.    Because Defendant acted and refused to act on grounds that apply generally to the Rule 23 Washington Class and declaratory relief is appropriate in this case with respect to the Rule 23 Washington Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## COUNT I
### Recovery of Overtime Under the FLSA

114.    Plaintiffs re-allege and incorporate all previous paragraphs herein.

115.    For at least the three years preceding the filing of this Amended Complaint, in one or more workweeks, Plaintiffs and similarly situated employees worked in excess of forty (40) hours for which they were not compensated at the statutory rate of one and one half their

regular rates of pay.

116.    Plaintiffs and similarly situated employees were, and are entitled to be paid at the statutory rate of at least one and one-half their regular rates of pay for all hours worked in excess of forty (40) hours in a workweek.

117.    Plaintiffs were, and are, entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

118.    Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiffs and similarly situated employees at a rate of at least one and one-half times their regular rates of pay for all hours worked in excess of forty (40) hours in a workweek.

119.    Due to common policies and practices described herein, Plaintiffs and similarly situated employees, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

120.    Plaintiffs and similarly situated employees, are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II**
**(Illinois Class)**
**Illinois Minimum Wage Law, §§ 820 ILCS 105/1, *et seq.*;**

121.    Plaintiffs re-allege and incorporate all previous paragraphs herein.

122.    The promises made by Defendant to compensate Mail Carriers on an *hourly rate for all hours worked* (the agreement) is binding upon Defendant for purposes of the Illinois Minimum Wage Law (IMWL) discussed herein.

123.    Indeed, Plaintiff and every other Illinois Class Member had an agreement with

Defendant that they would be paid based at their agreed upon hourly rate (and overtime rate when applicable) for *all* hours worked.

124.    Defendant promised all Mail Carriers they would be paid an hourly wage for *all* hours worked.

125.    As discussed herein, Defendant failed to pay Plaintiffs and the Rule 23 Illinois Class for all wages (regular and overtime) owed.

126.    Through the implementation of their written timekeeping and attendance policies, as well as the verbal representations made by Defendant's management to Mail Carriers regarding their attendance, scheduling, and hourly compensation, Defendant promised Plaintiff and the Rule 23 Illinois Class payment at their regular hourly rate for *all* hours worked in exchange for the performance of the Mail Carriers' job duties.

127.    Plaintiffs accepted that offer, and performed the duties of Mail Carriers for Defendant.

128.    Defendant breached their agreement with Plaintiff and the Rule 23 Illinois class by failing to pay them for *all* hours worked as promised.

129.    At all times relevant to the action, Defendant was an employer covered by the mandates of the IMWL, and Plaintiffs and the Rule 23 Illinois Class are employees entitled to the IMWL's protections.

130.    The IMWL, §§ 820 ILCS 105/1, et. seq. requires employers to pay their employees minimum wages and time-and-a-half their regular rate of pay of hours worked in excess of forty (40) per week. *See* § 820 ILCS 105/4; 820 ILCS 105/4a.

131.    820 ILCS 105/12(a) provides that an employee who is not paid in accordance with the Illinois Minimum Wage Law "the employee may recover in a civil action treble the

amount of any such underpayments together with costs and such reasonable attorney fees as may be allowed by the Court, and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid."

132.    Defendant violated the IMWL by regularly and repeatedly failing to compensate Plaintiff and the Rule 23 Illinois Class for meal periods during which they performed work, as described in this Amended Complaint.

133.    As a result, Plaintiff and the Rule 23 Illinois Class have and will continue to suffer loss of income and other damages.

134.    Accordingly, Plaintiff and the Rule 23 Illinois Class are entitled to recover unpaid wages owed, liquidated damages, costs and attorneys' fees, and other appropriate relief under the IMWL at an amount to be proven at trial.

**COUNT III**
**(New Jersey Class)**
**Violations of the NJWHL**

135.    Plaintiffs re-allege and incorporate all previous paragraphs herein.

136.    The conduct alleged in this Amended Complaint violates the NJWHL.

137.    USPS was and is an "employer" within the meaning of the NJWHL.

138.    At all relevant times, USPS employed PAIGE and the other New Jersey Class members as "employees" within the meaning of the NJSWHL.

139.    The NJWHL, N.J. Stat. Ann. § 34:11-56a4(b), requires an employer like USPS to pay overtime to all non-exempt employees.

140.    PAIGE and the other New Jersey Class members are non-exempt employees who are entitled to be paid overtime for all overtime hours worked.

141.    The NJSWHL, N.J. Stat. Ann. § 34:11-56a4(b), requires overtime to be paid at a

19

rate of no less than 1.5x the employee's regular hourly rate for each hour of working time in excess of forty (40) each week.

142.    Within the applicable limitations period, USPS had a policy and practice of failing to pay proper overtime to the New Jersey Class members for their hours worked in excess of forty (40) hours per week.

143.    As a result of USPS's failure to pay proper overtime to PAIGE and the New Jersey Class members for work performed in excess of forty (40) hours in a workweek, USPS violated the NJSWHL.

144.    PAIGE and the New Jersey Class members are entitled to overtime wages under the NJSWHL in an amount equal to 1.5x their rates of pay, liquidated damages, attorney's fees, costs, penalties, interest, and all other legal and equitable relief provided by the NJSWHL, N.J. Stat. Ann. § 34:11-56a25, and the New Jersey Administrative Code, § 12:56-1.5.

**COUNT IV**
**(New Jersey Class)**
**<u>Violations of the NJWPL</u>**

145.    Plaintiffs re-allege and incorporate all previous paragraphs herein.

146.    The conduct alleged in this Amended Complaint violates the NJWPL.

147.    USPS was and is an "employer" within the meaning of the NJWPL. N.J. Stat. Ann. § 34:11-4.1(a).

148.    At all relevant times, USPS employed PAIGE and the other New Jersey Class members as "employees" within the meaning of the NJWPL. N.J. Stat. Ann. § 34:11-4.1(b).

149.    PAIGE and the other New Jersey Class members' earned wages for their work for USPS includes all monetary compensation for their labor and services. N.J. Stat. Ann. § 34:11-4.1(c).

150.    The NJWPL requires an employer like USPS to pay the full amount of wages

20

due to each employee at least twice each month on regular, pre-designated paydays. N.J. Stat. Ann. § 34:11-4.2.

151.    The NJWPL requires an employer like USPS to pay all wages due to employees within ten (10) days after the end of the period in which the wages were earned. N.J. Stat. Ann. § 34:11-4.2.

152.    USPS knew it had to pay PAIGE and the New Jersey Class members all wages due within the time provided by the NJWPL, but did not do so.

153.    Within the applicable limitations period, USPS had a policy and practice of failing to pay all wages due within the time period allowed under the NJWPL.

154.    As a result of USPS's failure to timely pay all wages due to PAIGE and the New Jersey Class members, USPS violated the NJWPL.

155.    PAIGE and the New Jersey Class members are entitled to their unpaid wages, liquidated damages of twice the amount of unpaid wages, attorney's fees, costs, penalties, interest, and all other legal and equitable relief provided by the NJWPL, N.J. Stat. Ann. § 34:11-4.10(c).

**COUNT V**
**(Washington Class)**
**Washington Law – Failure to Pay Straight Time Wages**

156.    Plaintiff BAUSKA incorporates by reference all preceding allegations.

157.    At all times relevant, Plaintiff BAUSKA and the Washington Class were employees and Defendant was their employer within the meaning of the Washington Minimum Wage Act ("WMWA").  Rev. Code. Wash Ch. ("RCW") 49.46, *et seq*.; 49.46.010.

158.    Plaintiff BAUSKA and the Washington Class are covered by WMWA.  RCW 49.46.010.

159.   Defendant failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiff BAUSKA and the Washington Class.  RCW 49.46.070.

160.   Defendant failed to pay Plaintiff BAUSKA and the Washington Class the non-overtime wages to which they are entitled under Washington Law.  RCW 49.46.090.

161.   Defendant has a policy and/or practice of refusing to pay non-overtime compensation for all hours worked to Plaintiff BAUSKA and the Washington Class.  Defendant failed to inquire into whether it paid Plaintiff BAUSKA and the Washington Class for all time worked.

162.   Defendant lacked a good faith basis to believe their failure to pay Plaintiff BAUSKA and the Washington Class the non-overtime wages complied with the Washington law.

163.   Due to Defendant's violations of Washington law, Plaintiff BAUSKA and the Washington Class are entitled to recover from Defendant their unpaid wages, other damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.   RCW 49.46.090; RCW 49.48.030.

## <u>COUNT VI</u>
**(Washington Class)**
**Washington Law – Failure to Pay Overtime Wages**

164.   Plaintiff BAUSKA incorporates by reference all preceding allegations.

165.   At all times relevant, Plaintiff BAUSKA and the Washington Class were employees and Defendant was their employer within the meaning of the WMWA.  RCW Ch. 49.46, *et seq*.; RCW 49.46.010; RCW 49.46.130.

166.   Plaintiff BAUSKA and the Washington Class are covered by WMWA.  RCW 49.46.010.

167.   Defendant failed to keep, make, preserve, maintain and furnish accurate records of overtime worked by Plaintiff BAUSKA and the Washington Class.  RCW 49.46.070.

168.   Defendant failed to pay Plaintiff BAUSKA and the Washington Class the overtime wages to which they are entitled under Washington Law.  RCW 49.46.130.

169.   Defendant has a policy and/or practice of refusing to pay overtime compensation for all hours worked to Plaintiff BAUSKA and the Washington Class.  Defendant failed to inquire into whether it paid Plaintiff BAUSKA and the Washington Class for all overtime worked.

170.   Defendant lacked a good faith basis to believe their failure to pay Plaintiff BAUSKA and the Washington Class the overtime wages complied with the Washington law.

171.   Due to Defendant's violations of Washington law, Plaintiff BAUSKA and the Washington Class are entitled to recover from Defendant their unpaid wages, other damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.  RCW 49.46.090; RCW 49.48.030.

172.   Plaintiff BAUSKA incorporates by reference all preceding allegations.

173.   Defendant violated WMWA, RCW 49.46, Wage Rebate Act ("WRA"), RCW 49.52, and Industrial Welfare Act ("IWA"), RCW 49.12 and WAC 296-126-092 by not complying with Washington's meal and rest break for Plaintiff BAUSKA and the Washington Class.

174.   Defendant failed to provide timely, full meal and rest breaks to Plaintiff BAUSKA and the Washington class in violation of the IWA and the implementing regulations of the WMWA.

175.    Defendant failed to inquire into whether Plaintiff BAUSKA and the Washington Class received meal and rest breaks.

176.    Defendant failed to ensure that Plaintiff BAUSKA and the Washington Class received meal and rest breaks.

177.    Defendant's refusal to provide timely, full meal and rest periods constitutes willful withholding of wages under the Wage Rebate Act, RCW 49.52.050 & .070.

178.    As a result of Defendant's acts and omissions, Plaintiff BAUSKA and the Washington Class have been damaged in amounts as will be proven at trial, including damages, penalties, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT VIII
### (Washington Class)
### Washington Wage Recovery Act ("WRA")

179.    Plaintiff BAUSKA incorporates by reference all preceding allegations.

180.    Plaintiff BAUSKA and the Washington Class are covered employees under the WRA.  RCW 49.52.

181.    Defendant is a covered employer under the WRA.  RCW 49.52.

182.    Defendant willfully failed to keep accurate records of the time that Plaintiff BAUSKA and the Washington Class worked.

183.    Defendant willfully failed to ensure that Plaintiff BAUSKA and the Washington Class took meal and rest breaks as required by Washington law.

184.    Defendant willfully failed to pay Plaintiff BAUSKA and the Washington Class for all time worked, all overtime worked, and for missed meal and rest breaks.

185.    As a result of Defendant's actions and willful violations, Plaintiff BAUSKA and the Washington Class have been damaged in amounts as will be proven at trial, including

exemplary damages, other damages, penalties, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor and against Defendant:

a.  Awarding Plaintiffs overtime compensation in the amount due to their for overtime premiums on hours worked in excess of forty (40) hours per workweek while employed by Defendant;

b.  Awarding Plaintiffs liquidated and/or treble damages in an amount equal to the overtime award;

c.  Awarding Plaintiffs pre-judgment interest to the extent Liquidated Damages are not awarded;

d.  Awarding Plaintiffs post-judgment interest;

e.  Granting Plaintiffs an Order, on an expedited basis, allowing them to send Notice of this action, pursuant to 216(b), to those similarly situated to Plaintiffs;

f.  Granting Plaintiffs an Order, pursuant to Fed. R. Civ. Proc. 23, granting class certification of the Illinois, New Jersey and Washington state law claims;

g.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h.  Ordering any other further relief the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues so triable as a matter of right.

Respectfully submitted,

*/s/ Andrew R. Frisch*
Andrew R. Frisch, Esq.
Angeli Murthy, Esq., Pro Hac Vice
Forthcoming

MORGAN & MORGAN, P.A.
8151 Peters Rd., Suite 4000
Plantation, FL 33324

Phone: (954) WORKERS
Fax:     (954)-327-3016
Email: afrisch@forthepeople.com
Email: amurthy@forthepeople.com

*Trial Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of May, 2025, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will provide electronic notice to all counsel of record.

*/s/Andrew R. Frisch*
Andrew R. Frisch