**NOT FOR PUBLICATION**

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

| | |
|---|---|
| DAISHA EWINGS, *et al.*,<br>                    *Plaintiffs*,<br><br>        v.<br><br>UNITED STATES POSTAL SERVICE,<br>                    *Defendant*. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 24-10732 (KMW-SAK)<br><br>**OPINION** |

APPEARANCES:

**Andrew R. Frisch, Esq.**
MORGAN & MORGAN, P.A.
8151 Peters Road, Ste. 4000
Plantation, Fl, 33324

Attorney for Plaintiffs

**Alex D. Silagi and Matthrew Joseph Mailloux**
United States Attorney's Office
970 Broad Street
Newark, NJ 07102

*Attorneys for Defendant*

**WILLIAMS, District Judge:**

This matter comes before the Court by way of Plaintiffs Daisha Ewings, Brian Bauska, Camron Paige, and Mellany Thomas' (collectively, "Plaintiffs") Motion to Conditionally Certify Collective Action (Dkt. No. 53); Defendant United States Postal Service's ("USPS") opposition thereto and Motion to Dismiss (Dkt. No. 56); Plaintiffs' reply (Dkt. No. 57); and USPS's Sur-Reply (Dkt. No. 68). The Court has considered the parties' submissions without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons that follow, the Court **GRANTS** USPS's Motion to Dismiss (Dkt. No. 56) and dismisses Plaintiffs' Amended Complaint without prejudice.

## I.      BACKGROUND[1]

This action arises from allegations that USPS failed to pay overtime compensation to its City Carrier Assistants ("CCAs") in violation of the Fair Labor Standards Act ("FLSA") and parallel state wage-and-hour laws. (Am. Compl. ¶ 7.) USPS is an independent establishment of the executive branch of the United States government that provides postal services throughout the United States and its territories. (*Id.* ¶ 7.) Plaintiffs allege that USPS operates under centralized payroll and timekeeping practices applicable to CCAs nationwide. (*Id.* ¶ 62.)

### A.  The Named Plaintiffs

Plaintiffs Daisha Ewings and Elizabeth Thomas allege that they reside in Chicago, Illinois. (*Id.* ¶¶ 8-9.) Plaintiff Brian Bauska alleges that he resides in Sultan, Washington. (*Id.* ¶ 10.) Plaintiff Camron Paige alleges that he resides in Cinnaminson, New Jersey. (*Id.* ¶ 11.) Ewings alleges she was employed by Defendant as a CCA from November 2022 through February 2024. (*Id.* ¶¶ 21-22.) Thomas alleges two periods of employment, from May 2021 through May 2022 and again from April 2023 through September 2023. (*Id.* ¶¶ 24-27.) Bauska alleges employment from January 2021 through February 2023. (*Id.* ¶¶ 29-30.) Paige alleges that he was hired in April 2023 and remains employed by USPS. (*Id.* ¶¶ 32-33.) The Complaint alleges that Plaintiffs were paid hourly wages ranging from approximately $18.43 to $19.80 per hour. (*Id.* ¶¶ 23, 28, 31, 34.)

### B. Alleged Duties and Work Schedules

Plaintiff alleges that CCAs perform duties including casing mail prior to delivery and delivering and collecting mail and packages. (*Id.* ¶ 36.) Plaintiffs allege that CCAs generally do

---

[1] When considering a motion to dismiss under Rule 12(b)(6), the Court is obligated to accept as true allegations in the complaint and all reasonable inferences that can be drawn therefrom. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989). The facts are taken from Plaintiffs' First Amended Complaint ("Am. Compl.").

not have fixed schedules, may work up to seven days per week, and typically work at least forty hours in each workweek. (*Id.* ¶ 36.)

### C. Alleged Compensation Practices

Plaintiffs allege that USPS automatically deducts thirty minutes of time from each workday for a meal break, regardless of whether a meal break is taken. (*Id.* ¶ 37.) Plaintiffs further allege that they and other CCAs are regularly required to work through meal periods or to forego meal breaks entirely in order to complete assigned duties, yet the automatic deduction is nevertheless applied. (*Id.* ¶¶ 48-49.) Plaintiffs allege these deductions resulted in their working more than forty hours in certain workweeks without being compensated at the statutory overtime rate. (*Id.* ¶ 50.) Plaintiffs allege that USPS supervisors and management employees required, permitted, or suffered such off-the-clock work as part of a broader effort to limit overtime payments. (*Id.* ¶ 51.)

### D. Allegations Regarding Location of Work

The Amended Complaint alleges that "venue is proper because [Plaintiff] Paige resides and worked in this District and the claims arose in this District." (*Id.* ¶ 5.) Beyond this assertion, the Amended Complaint does not allege that Paige worked in a USPS facility in New Jersey, identify which USPS facility or facilities where Paige worked, does not specify when such work occurred, and does not allege that any of the unpaid overtime at issue was performed in New Jersey. (*See generally* Am. Compl.) As to Plaintiffs Ewings, Thomas, and Bauska, the Amended Complaint alleges their states of residence but does not allege that they worked for USPS in New Jersey or that any alleged wage-and-hour violations occurred in New Jersey. (*Id.* ¶¶ 8-10.)

### E. Procedural Posture

Plaintiffs bring this action as a proposed nationwide FLSA collective action and assert parallel state-law class claims under Illinois, New Jersey, and Washington law. (*Id.* ¶¶ 66-113.)

USPS moves to dismiss the Amended Complaint for lack of personal jurisdiction and failure to state a claim. (Dkt. No. 56.)

## I.   STANDARD OF REVIEW

### a.   Rule 12(b)(2)

When a defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing, by a preponderance of the evidence, sufficient facts to show that jurisdiction exists. *See Marten v. Godwin*, 499 F.3d 290, 295–96 (3d Cir. 2001); *Weber v. Jolly Hotels*, 977 F. Supp. 327, 331 (D.N.J. 1997). "[I]t is well established that in deciding a motion to dismiss for lack of [personal] jurisdiction, a court is required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003)). "Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence." *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 (3d Cir. 1984). The plaintiff "need only establish a prima facie case of personal jurisdiction." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Nevertheless, "at no point may a plaintiff rely on the bare pleadings alone" to withstand a motion to dismiss for lack of personal jurisdiction—"[o]nce the motion is made, plaintiff must respond with actual proofs, not mere allegations." *Time Share Vacation Club*, 735 F.2d at 66.[2]

### b.   Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the pleading and draw all reasonable inferences from those

---

[2] "Courts may rely upon matters outside the pleadings to determine jurisdictional facts." *See DiSantis v. Allied Constr., LLC*, No. 17-11379, 2018 WL 3647210, at *3 (D.N.J. July 31, 2018).

allegations in the light most favorable to the non-movant, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). To survive a motion to dismiss, a pleading must therefore contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted).

## II.   DISCUSSION

### a.   Personal Jurisdiction

A district court must undertake a two-step inquiry to assess whether it has personal jurisdiction over a defendant. First, the court analyzes whether the state's long arm statute permits the exercise of personal jurisdiction. *See Miller Yacht Sales, Inc.*, 384 F.3d at 96 ("A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law."); Fed. R. Civ. P. 4(k). "Second, the court must apply the principles of due process." *WorldScape, Inc. v. Sails Capital Mgmt.*, No. 10–4207, 2011 WL 3444218 (D.N.J. Aug.5, 2011) (citing *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998)). "In New Jersey, this inquiry is collapsed into a single step because the New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest limits of due process." *IMO Indus., Inc.*, 155 F.3d at 259.

"Personal jurisdiction under the Due Process Clause depends upon 'the relationship among the defendant, the forum, and the litigation.'" *IMO Indus., Inc.*, 155 F.3d at 259 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). "There are two types of personal jurisdiction: general jurisdiction and specific jurisdiction, only the latter of which is implicated in this case." *Warner v. Warner*, No. 23-3334, 2024 WL 1198112, at *2 n.4 (D.N.J. Mar. 20, 2024) (citing *D'Jamoos ex rel. Est. of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009)). The exercise of

personal jurisdiction over a non-resident defendant is proper if the defendant has "'certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987) (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). "Physical presence within the forum is not required to establish personal jurisdiction over a nonresident defendant." *IMO Indus., Inc.*, 155 F.3d at 259 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). "Instead, the plaintiff must show that the defendant has purposefully directed its activities toward the residents of the forum state, or otherwise 'purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Id.*

"The Third Circuit has laid out a three-part test to determine whether specific jurisdiction exists: (1) 'the defendant must have purposefully directed [its] activities at the forum'; (2) 'the litigation must arise out of or relate to at least one of those activities'; and (3) if the first two requirements are met, the exercise of jurisdiction must 'otherwise comport[ ] with fair play and substantial justice.'" *E. Concrete Materials, Inc. v. Jamer Materials Ltd.*, 2019 WL 6734511, at *2 (D.N.J. Oct. 25, 2019), *R & R adopted*, No. 19-9032, 2019 WL 6726476 (D.N.J. Dec. 10, 2019) (quoting *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007)).

In an FLSA collective action, personal jurisdiction must be established on a plaintiff-by-plaintiff basis. The Third Circuit has made clear that an FLSA collective action "should operate like an individual in personam suit for purposes of personal jurisdiction," meaning the Court must have personal jurisdiction over the defendant with respect to each plaintiff's individual claim. *Fischer v. FedEx Corp.*, 42 F.4th 366, 380 (3d Cir. 2022). The FLSA does not authorize nationwide service of process, and therefore does not itself expand the Court's personal jurisdiction. *Id.* at

385–86. Because Rule 4(k)(1)(A) applies, the Court's exercise of personal jurisdiction is limited by New Jersey's long-arm statute, which extends jurisdiction only to the outer bounds of federal due process. Accordingly, Plaintiffs must establish either general or specific personal jurisdiction over Defendant with respect to their claims.

### i.    *General Personal Jurisdiction*

General personal jurisdiction exists only where a defendant is "at home." For corporate or quasi-corporate entities, that inquiry is ordinarily limited to the place of incorporation and principal place of business. *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011). Although USPS operates facilities nationwide, including in New Jersey, such continuous operations are insufficient to render it "at home" in every forum in which it conducts business. The Third Circuit has expressly rejected the proposition that nationwide operations alone support general personal jurisdiction. *Fischer*, 42 F.4th at 383. Plaintiffs argue that USPS's status as an agency of the United States confers general personal jurisdiction in all federal courts. That argument is unavailing. Neither 39 U.S.C. § 409 nor 28 U.S.C. § 1391(e) creates universal general personal jurisdiction over USPS for damages actions. Section 409 addresses subject-matter jurisdiction and waiver of sovereign immunity; Section 1391(e) is a venue statute that does not independently confer personal jurisdiction. The Court must reject Plaintiffs' request to transform USPS' agency status into nationwide general personal jurisdiction. *See Fischer*, 42 F.4th at 370–72 (discussing limits on general jurisdiction and rejecting nationwide jurisdiction absent consent or statutory authorization) (citing *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017)).

Accordingly, the Court lacks general personal jurisdiction over USPS in New Jersey.

### ii.    *Specific Personal Jurisdiction*

To establish specific personal jurisdiction, Plaintiffs must plausibly allege that: (1) USPS purposefully directed its activities at New Jersey; and (2) the litigation arises out of or

relates to those forum-directed activities. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007). Here, Plaintiffs fail to satisfy the second requirement.

The Amended Complaint does not allege with factual specificity that any Plaintiff performed compensable work for USPS in New Jersey. Instead, Plaintiffs rely on a conclusory assertion that Plaintiff Paige "resides and worked in this District and the claims arose in this District." (Am. Compl. ¶ 5.) This allegation is insufficient. Critically, the Amended Complaint does not identify: (i) any USPS facility in New Jersey where Plaintiff Paige worked; (ii) any dates or time periods during which Plaintiff Paige performed work in New Jersey; (iii) any alleged wage-and-hour violations that occurred in New Jersey; or (iv) any facts connecting the challenged payroll practices to work performed in New Jersey. (*See generally* Am. Compl.)

Such a generalized assertion that a plaintiff "worked" in the forum—untethered to factual allegations regarding where the alleged FLSA violations occurred—does not plausibly establish that the claims "arise out of or relate to" USPS' New Jersey contacts. *See Fischer*, 42 F.4th at 384–85 (rejecting jurisdiction where claims were not tied to forum-state employment). Moreover, residence in New Jersey, standing alone, is legally irrelevant to the personal jurisdiction analysis. The operative question is where the work giving rise to the claims occurred, not where Plaintifs reside. The Amended Complaint's failure to allege that Plaintiff Paige performed the unpaid work at issue in New Jersey is fatal to jurisdiction at the pleading stage. As to the remaining named Plaintiffs, the deficiency is even clearer. The Amended Complaint affirmatively alleges that they reside in Illinois and Washington and does not allege that they worked for USPS in New Jersey at any time. (Am. Compl. ¶¶ 5, 36.) Under *Fischer*, the Court lacks personal jurisdiction over their claims.

### iii.    *Nationwide Service Arguments*

Plaintiffs' reliance on Rule 4(i) and 28 U.S.C. § 1391(e) is misplaced. (*See* Pls.' MTD Opp. Br. at 7-11, Dkt. No. 57.) As the Third Circuit explained in *Fischer*, Rule 4(k)(1)(C) permits nationwide personal jurisdiction only where a federal statute affirmatively authorizes it. The FLSA does not do so. *See Fischer*, 42 F.4th at 385–86. Nothing in § 1391(e) alters that conclusion. While § 1391(e) expands venue and permits nationwide service in certain actions against federal officers and agencies, it does not eliminate the requirement that the Court possess personal jurisdiction consistent with due process in damages actions such as this one.

In sum, because Plaintiffs have failed to plausibly allege that their claims arise out of USPS's contacts with New Jersey, and because the Court lacks general personal jurisdiction over USPS, the Court lacks personal jurisdiction over USPS with respect to all Plaintiffs' claims.

Accordingly, the Amended Complaint must be dismissed pursuant to Rule 12(b)(2).[3]

### iv.    **CONCLUSION**

For all the foregoing reasons, USPS' Motion to Dismiss (Dkt. No. 56) is **GRANTED**. An Order consistent with this Opinion will be entered.

Dated: January 3 1, 2026

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[3] USPS also moves to dismiss Plaintiffs' Amended Complaint for failure to state a claim, however, "if personal jurisdiction is absent, the court is powerless to address the merits of the Rule 12(b)(6) motion." *Murphy v. Eisai, Inc.*, 503 F. Supp. 3d 207, 214 (D.N.J. 2020). Accordingly, the Court will not address USPS' Rule 12(b)(6) motion. *See id.*